UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

NICHOLAS SCOTT HARVEL,

Petitioner,

v.

SHERIFF,

Respondent.

CAUSE NO. 1:26-CV-14-GSL-JEM

OPINION AND ORDER

Nicholas Scott Harvel, a prisoner without a lawyer, filed a habeas petition challenging his custody at the Allen County Jail pursuant to an extradition warrant issued by the Winnebago Circuit Court in Illinois. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Harvel challenges the authority of the Allen County Sheriff to hold him at the Allen County Jail and the bond set by the Allen Superior Court pending a determination on whether he should be extradited. Significantly, the electronic docket for the State courts[1] indicates that, on February 3, 2026, the Allen Superior Court granted the extradition request in Case No. 02D04-2512-MC-1885. It further indicates that, on March 10, 2026, the Allen Superior Court dismissed Case No. 02D04-2512-MC-

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

1885. Consequently, it appears that these claims are moot because Harvel is no longer detained at the Allen County Jail under the authority of the Allen Superior Court.

Harvel also challenges the lawfulness of the warrant issued by the Winnebago Circuit Court in Illinois and the identification of himself as the target of that warrant. To the extent that these claims also challenge his custody at the Allen County Jail, they are moot. However, these claims might also be challenges to his current detention, presumably in Winnebago County, Illinois, and to the procedural safeguards afforded to him in the Winnebago Circuit Court.

To the extent that the claims challenge Harvel's current custody in Illinois, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* According to the petition, Harvel has not presented his claims at any level of the Illinois State courts. Consequently, it appears that the court should dismiss this case without prejudice to Harvel returning to federal court once he has finished in State court. Nevertheless, the court will grant Harvel an opportunity to address the exhaustion and

mootness issues before deciding whether to dismiss for failure to exhaust pursuant to Section 2254 Habeas Corpus Rule 4.

For these reasons, the court:

(1) ORDERS Nicholas Scott Harvel to file a response to this Order by <u>April 24, 2026</u>; and

(2) CAUTIONS Nicholas Scott Harvel, that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on March 24, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT